UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

03 JUL 28 PM 3: 20

DISTRICT COURT
N.D. OF ALABAMA

Bruce E. Walker, et al.,         ]
                                 ]
     Plaintiff(s),               ]
                                 ]
     vs.                         ]   CV-01-CO-2977-W
                                 ]
State of Alabama Department      ]
of Public Safety, et al.,        ]
                                 ]
     Defendant(s).               ]

ENTERED
JUL 2 8 2003

MEMORANDUM OF OPINION

I.   INTRODUCTION.

The court has for its review, Defendant Alabama Department of Public Safety's ("DPS") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. #55). DPS maintains that the plaintiffs' claims against it should be dismissed because it is not an employer as established by Title VII, 42 U.S.C. § 2000e. The issues have been briefed by both parties and after due consideration the court finds that the motion is due to be denied.

II.  ALLEGATIONS OF THE COMPLAINT.

The plaintiffs' Third Amended Complaint brings a variety of claims against Defendants Sumter County Alabama, Sumter County Commission, DPS, and Johnny L. Hatter, in his Official Capacity as Sheriff of Sumter County and in his individual capacity for a variety of incidents relating to the termination of two employees of the Sheriff's Office. Plaintiff Smith-McKenzie claims that she was sexually harassed by the Sheriff and that Plaintiff Walker



advised her to report the incidents and also reported her complaints to his Supervisor, Sergeant Cottrell. Smith-McKenzie states that she was then referred to the DPS as it was the appropriate agency to handle her complaints. (Doc. ¶ 31). According to her complaint, during the investigation DPS informed her that they were investigating her for extortion due to her threats to sue the sheriff. (Doc. #45, ¶¶ 121-134). Likewise the DPS engaged in a similar course of conduct with Plaintiff Walker who was terminated shortly after the DPS investigated his claims. (Doc. #45, ¶¶ 181-84). Plaintiff Smith McKenzie maintains that the DPS's investigation occurred in retaliation for her complaint against Hatter and that the DPS otherwise condoned the harassment. (Doc. #45, ¶¶ 124-30). Likewise, Walker maintains that the investigation was in retaliation for his assistance to Plaintiff Smith-McKenzie. (Doc. #45, ¶ 177-79).

III. STANDARD.

A Rule 12(b)(6) motion tests the legal sufficiency of the Complaint.[1] *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). The court may dismiss a complaint under

---

[1]The court notes that the defendant never states precisely which of the Federal Rules provided the grounds for its dismissal. The motion could be considered a challenge to the court's subject matter jurisdiction and would fall under Rule 12(b)(1). The decision to apply Rule 12(b)(6) appears to make little difference because even phrased as a 12(b)(1) motion the challenge to the court's jurisdiction appears to be a "facial" rather than a "factual" attack, and facial challenges afford the plaintiffs' pleadings the same presumptive validity. *See Morrison v. Amway*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). The court concludes that it is a facial challenge because the defendant asks the court to make its decision from the plaintiffs' pleadings and not outside evidence. Moreover, the plaintiffs' specifically articulated a 12(b)(6) standard of review in their responsive submission and the defendant did not challenge it in the reply brief.

that rule only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of ruling on a 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations of the complaint. Moreover, it views them in a light most favorable to the non-moving party. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Burch v. Apalachee Community Mental Health Servs.*, 840 F.2d 797, 798 (11th Cir. 1988) (en banc).

IV. DISCUSSION.

The plaintiffs' claims against the DPS are both based on Title VII to the Civil Rights Act of 1964 which requires that a suit be brought against an "employer" which is further defined as a "person" ... or "any agent of such a person," including "governmental agencies." 42 U.S.C. § 2000e(a)(b). Both parties agree that DPS was not an employer, however they dispute whether the DPS is an agent of the Sheriff's Department.

Under Title VII, the definition of an "employer" is considerably broader than it is under the common law. Thus "[i]n keeping with this liberal construction, we sometimes look beyond the nominal independence of an entity and ask whether two or more ostensibly separate entities should be treated as a singly, integrated enterprise when determining whether a plaintiff's 'employer' comes within the coverage of Title VII." *Nealy v.*

*University Health Services, Inc.*, 114 F. Supp. 2d 1358, 1367 (M.D. Ala. 2000) (citing *Lyes v. City of Riviera Beach*, 166 F. 3d 1332, 1341 (11th Cir. 1999)). Courts have since recognized three circumstances when multiple enterprises can be aggregated under Title VII: (1) the "single employer or integrated enterprise approach;" (2) the "joint employer approach;" and (3) the "agency test." *Id.* The plaintiffs maintain that they have a cause of action under the latter theory.

In *Virgo v. Riviera Beach Associates, Ltd.*, the Eleventh Circuit held that "agency principles are applicable to situations where the courts must determine the extent of a corporation's Title VII liability." 30 F.3d 1350, 1362 (11th Cir. 1994). In determining whether the plaintiff established an agency relationship, the court primarily examined whether the principal exercised control over the agent.[2] *Id.* Generally the question of whether an agency relationship exists is fact intensive. One court noted that "agency questions are fact intensive determinations, thereby precluding summary judgment in all but the weakest of cases." *Freeman v. Suddle Enterprises, Inc.*, 179 F. Supp. 2d 1351, 1355 (M.D. Ala. 2001) (citing *Wood v. Shell Oil Co.*, 495 So. 2d 1034, 1036 (Ala. 1986)). Nevertheless, occasionally questions of agency

---

[2]The court finds that the plaintiffs pled that an agency relationship exists and that they did not have to plead an element of control. Despite the defendant's claims to the contrary, the federal rules follow a system of notice pleading and the plaintiffs' submission was sufficient to place them on fair notice as to the basis of the claims. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

are addressed at the motion to dismiss stage. For example, in *Fike v. Goldkist*, the court dismissed an agency claim against a prospective Title VII "employer" due to the lack of an "employment nexus." 514 F. Supp. 722, 728 (N.D. Ala. 1981).

The aforementioned cases, however, dealt with private corporations, and the plaintiffs' case addresses a public agency. The Eleventh Circuit has held that in this scenario the obligation of the court is to engage in an inquiry which "respect[s] ... the way a state chooses to structure its government." *Lyes v. City of Riviera Beach, Florida*, 166 F.3d 1332, 1344 (11th Cir. 1999). In *Lyes*, the court acknowledged its obligation to construe Title VII liberally, yet also held that:

> The strong comity of federalism concerns ... require that we accord substantial deference to a state lawmaking body's determination of whether two or more governmental entities are separate and distinct. We should not brush aside a state's own distinction between its governmental subdivisions, because even ostensibly formal distinctions are part of a government's ability to shape its own institutions within constitutional bounds and we are obligated to respect a state's right to do so.

*Id*. (citing *McMillan v. Johnson*, 88 F.3d 1573, 1580-81 (11th Cir. 1996). Accordingly when the plaintiff alleges an agency relationship between two seemingly distinct entities there is a presumption that they are separate for Title VII purposes. *Mack v. State of Alabama Department of Human Resources*, 201 F. Supp. 2d

1196, 1202 (M.D. Ala. 2002) (no "single employer" relationship between the state department of human resources and the county department of human resources and "courts are to respect the intricacy with which state governments structure their regimes: accordingly, there is to be a presumption that ostensibly distinct entities are not the same employer under Title VII.").

In light of this precedent it is appropriate for the court to determine the statutory relationship between the Sheriff's Office and the DPS. The office of sheriff in the State of Alabama is a Constitutionally created office. Section 138, Constitution of Alabama of 1901, as amended by Amendment No. 35.

The DPS was created by a separate act of the Legislature which authorized the Governor to create the department and it acts at the direction and control of the governor. Code of Alabama 1975, § 32-2-1. A sheriff's duties are also set by statute and the statute does not indicate that he has any control or authority over the DPS or over any employees of the DPS. Code of Alabama 1975, § 36-22-3. The Alabama Supreme Court has held that Sheriffs are employees of the state, not of their counties. *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991). Counties are political subdivisions of the state, each created by sovereign power in accordance with sovereign will and each exercising such power, and only such power, as it is conferred by law. *Alexander v. State, ex. rel Carver*, 274 Ala. 441, 443 (Ala. 1963).

Other courts in Alabama have addressed similar fact situations and have declined the opportunity to paint the employer/employee relationship with broad strokes. For example, in *Ryals v. Mobile County Sheriff's Department, et al.*, the plaintiff was a deputy sheriff and filed a lawsuit against Mobile County alleging that the county was her employer within the meaning of Title VII. 839 F. Supp. 25, 26 (S.D. Ala. 1993). Examining the law of the Eleventh Circuit, the court found that because the county had no authority to hire or fire deputy sheriffs, then it could not have liability for purposes of Title VII. *Id.* at 27 (citing *Terry v. Cook*, 866 F.2d 373, 379 (11th Cir. 1989)). Yet in the *Ryals* case and in several others, the courts answered the agency question at the summary judgment stage. *Id.*; *Lyes*, 166 F.3d at 1332 (reviewing a district court's grant of summary judgment); *Nealy v. University Health Services*, 114 F. Supp. 2d 1358 (S.D. Ga. 2000) (addressing the issue on summary judgment); *Mack v. State of Alabama Department of Human Resources*, 201 F. Supp. 2d 1196, (2002) (addressing the agency quesiton at summary judgment); *United States v. Matagora County*, 181 F. Supp. 2d 673, 679 (S.D. Tex. 2002) (addressing whether the county was a deputy sheriff's employer on a motion for summary judgment); *see also Freeman v. Suddle*, 179 F. Supp. 2d 1351, 1354 (addressing a private company and applying agency test on a motion for summary judgment).

Although the defendant correctly points out that the plaintiffs must rebut the presumption that the State of Alabama structured the Sheriff and the DPS as separate entities, the court does not believe that the plaintiffs must rebut that presumption at this stage in the litigation. Accordingly the motion to dismiss is denied.

In conclusion, the motion to dismiss the defendant is denied because issues of fact exist regarding whether the DPS was in fact an agent of the Sheriff's Office. The court expects to revisit this issue on summary judgment.

V. CONCLUSION.

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this ___25th___ of July, 2003.

                                          L. SCOTT COOGLER
                                  UNITED STATES DISTRICT JUDGE